WIGGINTON, Judge.
Appellant appeals the trial court’s order directing cash disbursement of trust funds to appellee. We reverse.
Appellant is the natural father and former guardian of appellee. In May 1986, after attaining the age of majority, appel-lee filed a petition to compel distribution to him of all guardianship funds. Those funds were comprised of the accumulated income of three trusts, and were to be disbursed to appellee personally upon his attainment of majority. In July 1986, the trial judge entered an order on the petition compelling distribution of all “guardianship funds” to appellee since the condition that he attain the age of majority had been met. Appellant did not appeal that order.
Section 744.444(10), Florida Statutes, empowers a guardian to prudently invest a ward’s money without court approval. The record shows that several months prior to appellee’s attaining the age of majority, appellant, in his capacity as appellee’s guardian, invested $112,500 of the accumulated funds in a proposed banking incorporation venture. Appellant objected to a November 1986 request by appellee for production of documents relating to that investment since the state’s approval of the bank application was pending. In January 1987, appellee filed a motion to require production of those documents and to surcharge appellant for fees, costs, and amounts paid for subscription of the bank stock together with 12 percent interest. In that motion, appellee attacked the prudence of the investment.
On March 10, 1987, in response to the above filings, the trial judge entered the appealed order. Therein, with no hearing or finding in regard to the prudence of the trust investment, the judge ordered appellant to disburse to appellee not the “corpus” of the trust income as was the apparent intent of the July 1986 order, but the actual $112,500 in cash together with interest accrued thereon.
Section 744.527(1), Florida Statutes, clearly provides that if any objections are filed pertaining to the guardian’s discharge of his duties, the court shall conduct a hearing on the issues raised. In the instant case, no formal objection had been filed at the time of entry of the appealed order in regard to appellant’s discharge of *171 his duties as guardian or his final accounting. The pleadings show that the discovery process, in which appellee may or may not uncover facts to enable him to challenge or object to the final accounting, is still in progress. The trial judge’s order that appellant prematurely liquidate the banking incorporation investment and disburse cash to appellee necessarily amounts to a determination by the court that the investment in the proposed banking incorporation was imprudent. Since, contrary to Section 744.527(1), Florida Statutes, no hearing was held on the issue, any adjudication on the merits of the question of “prudence” of the investment at this stage was premature. Therefore, that portion of paragraph one of the order directing disbursement of $112,500 in cash is REVERSED.
BOOTH and ZEHMER, JJ., concur.